## WILLIAM G. RICH *vs*. WILLIAM D. TREU.

PROVIDENCE—MAY 20, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Necessaries. Legal Services.*

Pub. Laws cap. 841, in amendment of clause 12 of section 5 of chapter 255 of the General Laws, Of exemptions from attachment: "The salary or wages due or payable to any debtor not exceeding the sum of ten dollars, except when the cause of action is for necessaries furnished the defendant," does not . restrict the necessaries mentioned to articles of food, clothing, or shelter, or other articles of a similar nature, but includes services rendered as an attorney.

ASSUMPSIT.   Heard on exceptions to ruling of District Court, and exceptions dismissed.

(1)   PER CURIAM.   In *Crafts v. Carr*, 24 R. I. 397, we decided that the services rendered by the plaintiff as an attorney-at-law in a civil case were legal necessaries for the minor defendant, and that such minor was liable therefor.   There are no words of limitation used in chapter 841, section 2, of the Public Laws, restricting the necessaries therein mentioned to articles of food, clothing, or shelter, or to other articles of a similar nature.

The court is of opinion that the garnishee was properly

charged, and that the exceptions must be dismissed and the case remanded to the District Court of the Twelfth Judicial District.

*Wm. G. Rich*, for plaintiff.

*Wm. C. Bliss*, for defendant.